IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**DEMETRIUS JAMAL COLEMAN**                                              **PLAINTIFF**

**V.**                          **CASE NO. 2:20-CV-74-LPR-BD**

**PATRICIA SNYDER,** *et al.*                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections**

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.    Background**

Plaintiff Demetrius Jamal Coleman filed this civil rights lawsuit while he was serving time in the Arkansas County Detention Center (Detention Center) for a parole violation. He claims that Defendants Snyder and Clark were deliberately indifferent to his medical needs.[1] (Doc. No. 2) Specifically, Mr. Coleman alleges that he was held at the

---

[1] Mr. Coleman filed this lawsuit along with another inmate, Jacob Baker, who also claimed that Defendants were deliberately indifferent to his medical needs. (Doc. No. 2)

Detention Center for 14 days without seeing a doctor. He also alleges that Defendants did not administer his prescribed diabetes and blood pressure medications and did not provide him with proper nutrition or shoes.[2] (Doc. Nos. 2, 5) Mr. Coleman concedes that he was provided insulin but complains that it was not the brand of insulin prescribed by his doctor. (Doc. No. 2) Mr. Coleman claims that as a result of the alleged deliberate indifference to his medical needs, he experienced swollen legs and feet, headaches, chest pain, and nausea. (Doc. Nos. 2, 5)

Defendants moved for summary judgment on all claims. (Doc. No. 19) Mr. Coleman did not respond to the motion; therefore, Defendants ask the Court to assume the truth of the facts set out in their statement of undisputed facts, as provided in Local Rule 56.1. (Doc. No. 23)

### III. Standard

Summary judgment means that the court rules in favor of a party without the need for a trial. As the party moving for summary judgment, the Defendants have the burden of demonstrating that there is no genuine dispute about any fact important to the outcome of this lawsuit. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).

---

The Court opened Mr. Baker's claims as a separate lawsuit. See *Baker v. Snyder*, et al., E.D. Ark. Case No. 2:20cv75 (dismissed July 1, 2020).

[2] On April 17, 2020, Mr. Coleman filed a notice that he is no longer at the Detention Center. (Doc. No. 7)

## IV.    Undisputed Facts

Because Mr. Coleman has not filed a response contesting the Defendants' motions, the Court will assume the truth of the facts set out in the Defendants' Statement of Undisputed Facts (Doc. No. 21). Mr. Coleman arrived at the Detention Center on March 12, 2020. (Doc. No. 2) On March 16, he filed grievance 6367, requesting to go to a March 18 appointment with his doctor for a blood pressure check and for renewal of his prescriptions. (Doc. No. 21-1) Defendant Snyder responded to the grievance the next day explaining Mr. Coleman's options: he could get court approval to visit his own physician; he could be treated by the Detention Center physician; or he could provide his physician's contact information so that Detention Center staff could obtain a list of his current medications. (Doc. No. 21-1)

On March 18, Mr. Coleman filed grievance 6389, complaining that he only had enough insulin for two days and Defendant Clark had refused to allow him to call his wife to deliver his medications. (Doc. No. 21-2) On March 24, four days after Mr. Coleman presumably ran out of insulin, Defendant Snyder told him to provide his wife's phone number so that staff could call her to bring the medication.  (Doc. No. 21-2)

On March 24, Mr. Coleman filed grievance 6504, complaining that he had a broken tooth and needed Tylenol for pain. (Doc. No. 21-3) Defendant Snyder responded that she would schedule an appointment with the doctor. (Doc. No. 21-3)

Mr. Coleman filed grievance 6507 on an unspecified date, complaining that he had not received the medication he had requested on March 12.[3] (Doc. No. 21-4, pp.1-2) In that grievance, he also he requested to see the Detention Center doctor without paying a fee and complained about the Detention Center's fee for doctor visits and medication, noting that his visits to his personal physician and his prescription medications were free when he was not in jail. Defendant Snyder responded on March 30: "See other grievance." It is not clear what "other grievance" refers to.

On March 26, Mr. Coleman filed grievance 6541, asking to see a doctor for high blood pressure and for medication refills. In that grievance, he again complained about fees the Detention Center charged for medical visits and prescriptions. (Doc. No. 21-2) In addition, he reported swollen legs, chest pain, and trouble breathing. He also complained that he was out of insulin because Defendant Clark had refused to call his wife.[4] (Doc. No. 21-2) Defendant Snyder did not address Mr. Coleman's complaint about Defendant Clark's refusal to call the wife, but she did state: "When you are incarcerated it is not free." (Doc. No. 21-2)

---

[3] The exhibit provided does not include the date he filed this grievance but, given the grievance number, it must have been filed sometime between March 24 to March 26, 2020.

[4] The grievance was filed two days after Defendant Snyder responded to a separate grievance. In her response, Defendant Snyder told Mr. Coleman that officials would call his wife to bring medications if he provided the phone number.

4

On March 27, Mr. Coleman filed grievance 6549 to complain that he had not received blood pressure medication for 16 days and had no more of the insulin brand his doctor had prescribed. He reported his dissatisfaction with the brand of insulin that staff had offered him. And, he requested a doctor's appointment. (Doc. No. 21-5) Defendant Snyder responded: "see other grievance."

On March 27, Mr. Coleman also filed grievance 6555, complaining that he had not seen a doctor despite officers' assurances that a doctor would be seeing inmates at the Detention Center on March 27. (Doc. No. 21-6) Defendant Snyder responded to the grievance, noting that Mr. Coleman was already on insulin and blood pressure medication. (Doc. No. 21-6)

On March 30, Mr. Coleman filed grievance 6619, requesting special shoes to accommodate swelling in his feet. Defendant Snyder did not address the request for shoes; instead, she responded that Mr. Coleman would "receive a copy of this request in writing." (Doc. No. 21-7)

On March 31, Defendant Snyder contacted Dr. Darrell W. Elkin, the Detention Center's contract medical provider, concerning Mr. Coleman's medical needs. (Doc. Nos. 21-8, 21-9) Dr. Elkin instructed Defendant Snyder to place Mr. Coleman on medical watch until he could examine him and to check his blood sugar levels one hour after every meal. He further ordered insulin mediation (Novolog) on a sliding scale, depending on Mr. Coleman's blood sugar levels. (Doc. Nos. 21-8, 21-9) According to her affidavit,

5

Defendant Snyder ensured that officials followed Dr. Elkin's directive. (Doc. Nos. 21, 21-09) Mr. Coleman was released before Dr. Elkin's next visit to the Detention Center. (Doc. No. 21, 21-8)

According to his affidavit, Dr. Elkins does not recall meeting or examining Mr. Coleman; but, according to the record, he did respond to Mr. Coleman's medical request for ibuprofen for dental pain. Dr. Elkin's affidavit does not address whether he was ever notified about Mr. Coleman's repeated requests for blood pressure medication and insulin. (Doc. No. 21-8)

## V.     Discussion

Determining whether an official was deliberately indifferent to a pretrial detainee's medical needs involves two prongs. *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014). First, did Mr. Coleman have an objectively serious medical need? And second, did the Defendants actually know of, but deliberately disregard, that serious medical need? *Id.* In this context, a medical need is deemed "serious" if it was "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Scott,* 742 F.3d at 339 (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).

Here, there is no question that Mr. Coleman had serious medical needs. He was diagnosed with diabetes and high blood pressure; both are serious medical conditions that require treatment.

It is considerably easier to determine that a medical condition is serious than it is to determine a defendant's subjective understanding of an inmate's medical needs. To find deliberate indifference, there must be evidence from which to infer a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). A defendant's conduct must exhibit "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark.,* 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

If the issue is a delay in providing medical treatment, as it is in this case, the plaintiff must come forward with medical evidence showing a detrimental effect of an alleged delay in treatment. *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006); *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997).

According to the undisputed evidence in this record, Mr. Coleman was an insulin-dependent diabetic who suffered from high blood pressure. He was without insulin from March 21 through March 27, and without blood pressure medication from March 12 until March 30. Detention Center employees told Mr. Coleman on March 24 that they would call his wife to bring his medications. According to Defendants' rendition of the facts, Mr. Coleman never gave them his wife's phone number. In a grievance Mr. Coleman filed on March 26, however, he complained that Defendant Clark had refused to call the wife.

Mr. Coleman was apparently without insulin for six days and without blood pressure medication for 18 days. On March 27, however, the day after he first complained of physical symptoms resulting from the lack of medications, Defendants provided insulin. By at least March 30, Defendants provided blood pressure medication.

On March 31, Detention Center officials called Dr. Elkins to discuss Mr. Coleman's health needs. Pursuant to Dr. Elkin's directives, officials moved Mr. Coleman to medical-watch status until the doctor could examine him; they checked Mr. Coleman's blood sugar levels after each meal; and they gave him appropriate dosages of insulin throughout the remainder of his stay at the Detention Center. Mr. Coleman has provided no verifying medical evidence to indicate that the delay in receiving insulin or blood pressure medication had a detrimental effect on his prognosis.

Moreover, Mr. Coleman bears some of the blame for the lapse in insulin delivery by insisting on name-brand insulin and by objecting to the fees charged for medical services. There is no indication that Mr. Coleman was unable to pay the fees; rather, he refused to pay fees for medical care that he had received at no cost in the free world.

The better course would have been for Defendants to follow through with the promise to contact Mr. Coleman's wife to deliver his medications, assuming that Detention Center policy allowed inmates to take medicines brought from home. In any event, Defendant Snyder should have ensured that Mr. Coleman received insulin and blood pressure medication more quickly than she did. But, as noted, negligent conduct does not amount to deliberate indifference.

8

Fortunately, Mr. Coleman was given medication once he complained of symptoms. Defendants finally contacted a doctor and, according to the record, followed his directions in addressing Mr. Coleman's need for insulin and blood pressure medication. There is no evidence that Mr. Coleman suffered harm as a result of any negligent delay in providing treatment.

## VI. Conclusion

The Court recommends that the Defendants' motion for summary judgment (Doc. No. 19) be GRANTED. Mr. Coleman's claims should be DISMISSED, with prejudice.

DATED this 24th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE